## J. B. NORRIS *v.* J. H. STEPHENS.

MINOR. *County court may bind, when. Child not to be bound without mother's consent, when.* An order of the county court binding a minor to involuntary servitude, is not conclusive upon him or the mother, when made upon the court's own motion, without notice to either the minor or the mother, and the court having determined the existence of none of the facts necessary to make their action proper in such cases

The court say: "The failure of the mother, upon being subsequently informed of the order of the court, to take action to repudiate the binding, would not necessarily render the action of the court valid, especially as against the minor himself, upon the supposition that he had been abandoned by the mother. If the mother be able to support the child, it cannot be bound without her assent in open court. If the mother be not able, or if she has abandoned him, yet if the child is able to support and take care of himself by his own labor, we think the court has no power to bind him, without he is in some way a party to the proceeding so as to bind or estop him, which we think does not appear in this case."

Case cited: Lawson *v.* Scott, 1 Yer., 92.

Code cited: Secs. 1622, 2547-9.

FROM WASHINGTON.

Appeal from the Circuit Court. J. A. McKINNEY, Judge.

J. E. REEVES for complainant.

J. H. KIRKPATRICK and E. N. GRIFFITH for defendant.

McFARLAND, J., delivered the opinion of the court.

Norris brought this action to recover of Stephens for services rendered him as a laborer upon his farm.

The defense was, that the plaintiff, at the time the services were rendered, was a minor, and was regularly bound to the defendant by the order of the county court of Washington county. The defense was successful. A new trial being refused, the plaintiff has appealed in error.

The question is, was the plaintiff legally bound or apprenticed to the defendant by the order of the county court.

The plaintiff's father died during the late war, leaving a widow and five children, of whom the plaintiff was the oldest. The proof indicates that the widow was without property, but supported her family by her labor, with the assistance of the plaintiff, who was hired to the defendant for one or two years previous to September, 1870, at seven or eight dollars per month. About September, 1870, there was some misunderstanding between the plaintiff and his mother, the nature and extent of which is left somewhat uncertain. It is claimed, for the defendant, that the plaintiff was abandoned and driven from home by his mother; but this is denied. On the 5th of September, 1870, the county court made the following order: "On motion, the court bound Isaac Norris to John H. Stephens, with him to live and work as an apprentice, and the said John H. Stephens came into open court and executed a bond, with Vincent Boring as security, which bond is on file in the clerk's office." A bond was executed in substantially the usual form, but was not recorded as required. The age of the plaintiff at the time is somewhat uncertain. Accord-

-ing to the recitals of the bond, he was fifteen years of age in June previous, and there is other testimony tending to show that this was his age, but, according to the testimony of the plaintiff, he was then seven-teen years of age. It appears that the plaintiff knew of this proceeding, and there is some evidence tending to show that it was according to his desire, but he was not in any legal sense a party to the proceeding. His mother had no notice of the proceeding, and did not assent to it. The plaintiff remained with defendant some two years and ten months, when he left, and, on arriving at age, brought this action.

The question is, whether the binding was legal and gave the defendant the right to the plaintiff's services accordingly. By the Code, sec. 2547, "where the estate of an orphan is of so small value that no person will educate him or her for the profits thereof, such orphan shall, by direction of the court, be appren-ticed. . . . " And by sec. 1622: "The county court may bind out as apprentices suitable orphan children of any person unable to provide for their support. . . . " Both of these sections are taken from the act of 1762, ch. 5, sec. 2549. Sec. 2549, from the act of 1825, ch. 46, sec. 1, enacts that "any child totally abandoned by the father, and for whom he fails to provide support and maintenance, may be bound out by the county court as though the father was dead. But no child shall be bound out unless the assent of the mother is first given in open court, or she be unable to provide for his maintenance." It is argued that the provision in the above section,

in regard to the assent of the mother, only applies to these cases referred to in the section where the father is living but has abandoned the child, and not to cases where the father is dead; but we see no ground for the distinction. If the father is living, but has abandoned the child, the child may be bound out *as if the father were dead.* But in either case, if the mother be living and able to support the child, it shall not be bound out without her assent in open court, unless an exception exist as to illegitimate children, as to which see *Lawson* v. *Scott,* 1 Yer., 92, and sec. 1625 of the Code.

If the mother be not able to support the child it may be bound out, notwithstanding she refuses to assent. But, in such case, ought the mother to have notice of the proceeding? This would seem reasonable, although we find no provision requiring notice to her. We are not disposed to adopt rulings calculated to embarrass the action of the county court on this subject. Their jurisdiction is general and unquestioned, and if that court determines that the person is a minor orphan, without estate and a pauper, and unable to procure his or her own support; that the mother is unable to maintain the child, or has abandoned it, and it is a suitable person to be bound out, we would hesitate to declare the order or judgment void where, as in this case, it is brought collaterally in question. But the question is, whether or not it should appear from the record that the court adjudged or determined the existence of these facts. We hold that where it appears, as in this

case, that the mother was living and had no notice of the proceeding, and gave no assent, and the minor was not a party, and the order or judgment of the court does not find or assume the existence of any of the facts authorizing the action of the court—that is to say, does not find or assume that the person to be apprenticed is a minor without means of support, either by himself or the assistance of his parent, is a suitable person to be apprenticed—that the order of the court is not valid or binding.   The plaintiff in this case, although young, is shown to have been able-bodied and active, entirely able not only to support himself by his own labor, but also to assist his mother in supporting the balance of the family.   In such a case we are not prepared to hold that an order of the county court binding the minor to involuntary servitude, conclusive upon him or the mother, when made upon motion, without notice to either the minor or the mother, and without opportunity to them to contest the matter or appeal, and without the court determining the existence of any of the facts making their action proper.   The circuit judge instructed the jury, that if the mother had driven the plaintiff from home, and shown no dissent from the action of the county court, then the action of the court would be legal and binding.   This we think is erroneous.   The failure of the mother, upon being subsequently informed of the order of the court, to take action to repudiate the binding, would not necessarily render the action of the court valid, especially as against the minor himself, upon the supposition that he had been abandoned

by the mother. If the mother be able to support the child, it cannot be bound without her assent in open court. If the mother be not able, or if she has abandoned him, yet if the child is able to support and take care of himself by his own labor, we think the court has no power to bind him, without he is in some way a party to the proceeding, so as to bind or estop him, which we think does not appear in this case.

The judgment will be reversed and a new trial awarded.